UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY JAMES DAVIS,

    Petitioner,

v.        CASE NO. 11-10624
    HONORABLE GEORGE CARAM STEEH

PERRY MITCHELL,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
BUT GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Anthony James Davis has filed a *pro se* habeas corpus petition challenging his plea-based convictions for felon in possession of a firearm and possession of a firearm during the commission of a felony (felony firearm). Petitioner alleges that his trial and appellate attorneys were ineffective and that the prosecution withheld favorable evidence from him.

## I. BACKGROUND

**A. The Charges, Plea, and Sentence**

Petitioner was charged in Wayne County, Michigan with five counts of assault with intent to commit murder, five counts of felonious assault, one count of felon in possession of a firearm, one count of carrying a concealed weapon, one count of discharge of a firearm at a building, and one count of felony firearm, third offense. The

-1-

facts leading to these charges were summarized in petitioner's presentence information report as follows:

> On 07/21/06, at approximately 12:45 a.m., located at 4200 Chene in Detroit, MI., defendant, Anthony Davis was asked to leave the bar by complainant, Odell Rowan who is the owner of the bar. The defendant and complainant #1 have had past altercations with the police involved. The defendant then leaves the bar and pulls out a gun and goes along side the bar wall outside and started firing shots back inside the bar through the bar walls. Multiple shots were fired striking complainant #1, Odell Rowan and #2, Shon Lacey who were inside of the bar. The defendant then fled the scene on foot across the street in a field near the bar. Complainant #1 was struck in the groin and complainant #2 was shot in the chest.

Pet. for Writ of Habeas Corpus, Ex. D.

On November 28, 2006, petitioner pleaded guilty in Wayne County Circuit Court to felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and felony firearm, third offense, Mich. Comp. Laws § 750.227b(1). In return, the prosecutor dismissed all the other counts and a notice charging petitioner with being a habitual offender, third offense. The parties also agreed that the minimum sentence for the felon-in-possession conviction would be within the guidelines, which were initially calculated at fourteen to twenty-nine months and later corrected to read seven to twenty-three months. The prosecutor estimated that, if petitioner were convicted, as charged, and sentenced as a habitual offender, his sentencing guideline would be at least 600 months.

On December 14, 2006, the trial court sentenced petitioner within the sentencing guidelines to imprisonment for seven months to five years for the felon-in-possession conviction and to a consecutive term of ten years in prison for the felony firearm conviction, with jail credit for 117 days. Petitioner was forty-three years old at the time.

**B. The Direct and Collateral Appeals**

In an application for leave to appeal, petitioner argued that he was entitled to be re-sentenced because offense variables one, three, and nine of the state sentencing guidelines were scored inaccurately and his sentence was based on facts that he did not admit and that no jury determined beyond a reasonable doubt. The Michigan Court of Appeals denied Petitioner's appeal "for lack of merit in the grounds presented." People v. Davis, No. 278127 (Mich. Ct. App. June 21, 2007). Petitioner raised the same claims and one new claim in the Michigan Supreme Court. The new claim alleged that petitioner was entitled to be re-sentenced because he suffered double jeopardy due to ineffective assistance of trial and appellate counsel. On October 29, 2007, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. See People v. Davis, 480 Mich. 924; 740 N.W.2d 276 (2007) (table).

On September 19, 2008, petitioner filed a motion for relief from judgment in which he alleged that his trial and appellate attorneys were ineffective. He claimed that his attorneys failed to perform a basic investigation of his criminal history and failed to discover that he was not convicted of felony firearm in 1984. He also claimed that his attorneys should have challenged the scoring of offense variable thirteen of the sentencing guidelines. The trial court found no merit in petitioner's claims and denied his motion for failure to establish entitlement to relief under Michigan Court Rule 6.508(D).

Petitioner appealed the trial court's decision, but the Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Rule 6.508(D). See People v. Davis, No. 297559 (Mich. Ct. App. Dec. 17, 2010). Petitioner did not seek further review in the Michigan Supreme Court.

**C. The Habeas Petition and Responsive Pleading**

Petitioner filed his habeas corpus petition in this Court on February 16, 2011. He alleges that he was denied effective assistance of counsel and that the prosecution failed to disclose favorable evidence.

Respondent Perry Mitchell argues in a thorough answer to the habeas petition that petitioner's claims lack merit and are procedurally defaulted. Procedural default is not a jurisdictional matter, Trest v. Cain, 522 U.S. 87, 89 (1997), and "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." Hudson v. Jones, 351 F.3d 212, 215 (6th Cir. 2003). Petitioner's claims do not warrant habeas relief, and the Court finds it more efficient to proceed directly to the merits of the claims than to analyze whether they are procedurally defaulted. Thus, the alleged procedural defaults are excused.

## II. STANDARD OF REVIEW

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." Harrington v. Richter, __ U.S. __, __, 131 S. Ct. 770, 783 (2011). Pursuant to § 2254, the Court may not grant a state prisoner's application for the writ of habeas corpus unless the state court's adjudication of the prisoner's claims on the merits:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

-4-

28 U.S.C. § 2254(d).

> Under the "contrary to" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2000) (O'Connor, J., opinion of the Court for Part II).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87.

### III. DISCUSSION

#### A. Alleged Ineffective Assistance of Counsel

The first habeas claim alleges ineffective assistance of counsel. Although petitioner has not clearly articulated his claim, he argued in his motion for relief from judgment that his trial and appellate attorneys failed to investigate his criminal history and failed to object to the scoring of offense variable thirteen (OV 13) of the state sentencing guidelines.

The state trial court found no merit in petitioner's claim that his attorneys failed to adequately investigate his past criminal history. The court did not address petitioner's claim about the scoring of OV 13, and the court denied petitioner's motion, in part, because petitioner failed to demonstrate "good cause" under Michigan Court Rule 6.508(D) for not raising his claims on appeal. One could conclude from the state court's reliance on Rule 6.508(D) and from its failure to address petitioner's claim about OV 13 that the trial court did not adjudicate petitioner's claims on the merits and that AEDPA deference does not apply here. The Court finds it unnecessary to decide whether the state court adjudicated petitioner's claim "on the merits," because the Court would reach the same result whether the Court deferred to the state court's decision or reviewed the issue de novo. Cf. Cotto v. Herbert, 331 F.3d 217, 252-53 (2d Cir. 2003).

**1. Clearly Established Federal Law**

To prevail on his claim, petitioner must show that his trial attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The same standard applies to claims of

ineffective assistance of appellate attorneys. Jackson v. Bradshaw, 681 F.3d 753, 774 (6th Cir. 2012), cert. denied, __ U.S. __, 133 S. Ct. 983 (2013).

The "deficient performance" prong of the Strickland standard requires showing that petitioner's attorneys made errors so serious that they were not functioning as the "counsel" guaranteed him by the Sixth Amendment. Strickland, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

To demonstrate that counsel's performance prejudiced the defense, petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "This does not require a showing that counsel's actions 'more likely than not altered the outcome,'" but "[t]he likelihood of a different result must be substantial, not just conceivable." Richter, 131 S. Ct. at 792 (quoting Strickland, 466 U.S. at 693).

### 2. Failure to Investigate

Petitioner asserts that his trial and appellate attorneys failed to investigate his criminal history. He maintains that a reasonably competent attorney would have discovered that he has only one prior conviction for felony firearm and, therefore, he should not have been convicted and sentenced for felony firearm, third offense. Petitioner concedes that he was convicted of felony firearm in 2004, but he denies being convicted of felony firearm in 1984. He argues that he should have been sentenced to five years for felony firearm, second offense, instead of ten years for felony firearm, third

offense, because his 2004 conviction for felony firearm was his first offense of that nature.[1]

Attorneys have "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. Nevertheless, as the following discussion demonstrates, petitioner's trial attorney obviously made a reasonable decision that further investigation into petitioner's criminal history was unnecessary.

### a. The State Court Proceedings

The issue of petitioner's prior convictions for felony firearm was raised before petitioner was sentenced. In fact, the trial court adjourned the sentencing for a day so that the parties could contact the Michigan Department of Corrections, procure any necessary documents, and resolve the issue. At petitioner's sentencing on December 14, 2006, the prosecutor maintained that petitioner had two prior convictions for felony firearm: one in 1984 and one in 2004. In support of this contention, the prosecutor pointed to: (1) an offender tracking information system maintained by the Michigan Department of Corrections, which showed convictions for felony firearm in 1984 and in 2004; and (2) Wayne County Circuit Court records, including an abstract for the 1984 case and a copy of the order of conviction and judgment of sentence in that case. (Sentence Tr. 3-4, Dec. 14, 2006.) The state trial court concluded from the prosecutor's

---

[1] The felony firearm statute provides for a mandatory sentence of two years in prison if a person "carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony . . . ." Mich. Comp. Laws § 750.227b(1). "Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this subsection, the person shall be imprisoned for 10 years." Id.

exhibits that petitioner's current conviction for felony firearm was, indeed, his third conviction for felony firearm. Id. at 5.

Petitioner's attorney did not contest the prosecutor's argument or dispute the prosecutor's supporting documents. Moreover, she stated on the record that she had discussed the matter with petitioner and explained to him at his plea proceeding that the prosecutor had indicated to her that his offer would not change, and petitioner's sentence would be the same, even if petitioner did not have two prior convictions for felony firearm. (Id. at 2-3, 5.) Petitioner acknowledged that he and his attorney had discussed the matter previously. The prosecutor then added that, even if "things were different," the sentence would be similar to what petitioner was receiving. (Id. at 5-6.)

### b. Petitioner's Argument

Petitioner continues to contest the finding that he was convicted of felony firearm in 1984. In support of his contention that he has only one prior conviction for felony firearm, Petitioner points out that he was convicted of felonious assault in 1984 and sentenced to prison for six months to four years. He claims that he was discharged from that sentence on January 29, 1988. He maintains that, if he were also convicted of felony firearm in 1984 and sentenced to a mandatory, consecutive sentence of two years in prison for the felony firearm conviction, he would have been discharged in 1990, not 1988. He concludes that he could not have been convicted of felony firearm in 1984.

As further support for his contention that he has only one prior conviction for felony firearm, petitioner points out that he was sentenced to two years in prison for felony firearm in 2004. He claims that, if there were a prior conviction for felony firearm

in 1984, he would have been sentenced to five years in prison in 2004 pursuant to Mich. Comp. Laws § 750.227b(1). See, supra, n.1.

State court records, however, confirm that petitioner was convicted of felony firearm in 1984, following a bench trial, and that he was sentenced to two years in prison for the offense. See Answer in Opposition to Petition for Writ of Habeas Corpus, Attachment A. The state trial court, moreover, concluded at petitioner's sentencing and in its written decision denying petitioner's motion for relief from judgment that petitioner had two prior convictions for felony firearm. This conclusion is entitled to a presumption of correctness because petitioner has not rebutted the trial court's factual finding with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The fact that petitioner may have been discharged sooner than he expected for his 1984 convictions or that he was not sentenced as a second felony firearm offender in 2004 does not necessarily mean that he was not convicted of felony firearm in 1984. There could be some other explanation, such as mistake or good time credits, for the alleged discrepancies. The Court therefore concludes that petitioner's trial attorney was not ineffective for allegedly failing to perform an adequate investigation into petitioner's criminal history. Similarly, petitioner's appellate attorney was not ineffective for failing to raise the issue on direct appeal.

### 3. Failure to Challenge the Scoring of an Offense Variable

Petitioner seeks to have the Court vacate his sentence of seven months to five years for the felon-in-possession conviction on the ground that his trial and appellate attorneys failed to challenge the scoring of offense variable thirteen. Petitioner received ten points for OV 13 on the basis that his "offense was part of a pattern of felonious

-10-

criminal activity involving a combination of 3 or more crimes against a person or property" within a five-year period. Mich. Comp. Laws § 777.43(1)(d). Petitioner claims that this was incorrect.

Even if petitioner is correct in stating that he did not commit three or more crimes against a person or property, he has not shown that a score of less than ten points for OV 13 would have affected his sentencing guidelines range or that he would have received a minimum sentence of less than seven months if OV 13 had been scored correctly. Therefore, even assuming that counsel's failure to challenge to the scoring of OV 13 amounted to deficient performance, the deficient performance did not prejudice petitioner.

**B. Alleged Prosecutorial Misconduct**

The final habeas claim alleges that the prosecution failed to disclose favorable evidence. Petitioner appears to be saying that the prosecution failed to disclose before his sentencing that he had only one prior conviction for felony firearm. Petitioner did not raise this issue in state court. Consequently, there is no state court decision to which the Court must defer, and review is de novo. Carter v. Timmerman-Cooper, 380 F. App'x 470, 472 n.1 (6th Cir. 2010).

"Under Brady [v. Maryland, 373 U.S. 83 (1963)], the State violates a defendant's right to due process if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment." Smith v. Cain, __ U.S. __, __, 132 S. Ct. 627, 630 (2012). Petitioner bears the burden of showing that the prosecution suppressed evidence, Bell v. Howes, 703 F.3d 848, 853 (6th Cir. 2012) (citing United States v. Warshak, 631 F.3d 266, 300 (6th Cir. 2010)), cert. denied, __ U.S. __, 133 S. Ct. 2775

(2013), and to state a true Brady violation, he must demonstrate that (1) the evidence at issue was favorable to him, either because it was exculpatory or impeaching, (2) the State suppressed the evidence, either willfully or inadvertently, and (3) prejudice ensued. Strickler v. Greene, 527 U.S. 263, 281-82 (1999).

As previously explained, the issue of petitioner's prior convictions for felony firearm was raised before petitioner's sentencing, and the prosecutor demonstrated through court records and institutional records that petitioner had two prior convictions for felony firearm. This evidence was disclosed to petitioner at his sentencing, and he has not shown that the prosecutor suppressed any favorable evidence to the contrary. Petitioner has failed to state a true Brady claim, and his prosecutorial-misconduct claim lacks merit.

## IV.  CONCLUSION

Petitioner's claims lack merit, and to the extent that state trial court adjudicated petitioner's ineffective-assistance-of-counsel claims on the merits, the state court's rejection of those claims was not contrary to, or an unreasonable application of, Supreme Court precedent or an unreasonable determination of the facts. Accordingly, the petition for a writ of habeas corpus [Doc. #1] is **DENIED**.

The Court declines to issue a certificate of appealability because reasonable jurists would not disagree with the Court's resolution of petitioner's constitutional claims, nor conclude that the issues presented are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). However, because an

appeal could be taken in good faith, petitioner may proceed in forma pauperis on appeal.

Dated:  August 28, 2013

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 28, 2013, by electronic and/or ordinary mail and also on Anthony Davis #176808, Newberry Correctional Facility, 3001 Newberry Avenue, Newberry, MI 49868.

s/Barbara Radke
Deputy Clerk

---